1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN KIEDROWSKI,

11            Plaintiff,                    No. CIV S-10-324 KJM P

12        vs.

13   K. PROSPER, et al.,

14            Defendants.                   ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.90 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1 | preceding month's income credited to plaintiff's prison trust account.  These payments will be
2 | forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3 | account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4 |        The court is required to screen complaints brought by prisoners seeking relief
5 | against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6 | § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7 | claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8 | be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9 | U.S.C. § 1915A(b)(1),(2).

10 |        A claim is legally frivolous when it lacks an arguable basis either in law or in
11 | fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12 | 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 | indisputably meritless legal theory or where the factual contentions are clearly baseless.
14 | Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15 | inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16 | 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17 |        In order to avoid dismissal for failure to state a claim a complaint must contain
18 | more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
19 | of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
20 | words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
21 | statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
22 | claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
23 | "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
24 | draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
25 | S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
26 | granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

2

1  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2  Rhodes, 416 U.S. 232, 236 (1974).

3          In 2007, plaintiff was assigned to a fire camp at CCC Konocti.  Plaintiff and

4  another inmate patted Captain Patten on the buttocks "in the spirit of comradeship."  Captain

5  Patten characterized the incident as horseplay and counseled both defendants; his report stated

6  that there was no sexual intent behind the incident.

7          Several days later, defendants Newsome and Jarrett met and, as a result of this

8  meeting, plaintiff was arrested and taken to the Lake County jail.  A day later, the Lake County

9  prosecutor declined to file charges.

10          Plaintiff was returned to prison and put in Administrative Segregation after

11  disciplinary proceedings were instituted.  Defendant Tripp conducted the hearing on the battery

12  charge and found plaintiff guilty.  This finding was upheld throughout the administrative

13  appeals, culminating with the Director's Level Decision issued by defendant Grannis.  It was

14  reversed on state habeas.

15          As a result, plaintiff lost his job on the fire crew and access to the earnings from

16  that job; he suffered "humiliation and fear;" he lost access to his property when he was housed in

17  segregated housing; he lost the "level of respect and freedom afforded  . . . to a fire crew

18  inmate"; and suffered "real danger" because of the suggestion that the touching had been sexual

19  in nature.  He brings this action under 42 U.S.C. §§ 1983, 1985(2) & (3) and 1986, and alleges

20  that his federal and state rights to due process and to be free from malicious prosecution have

21  been violated.

22          The preparation of a false disciplinary charge  does not by itself establish a denial

23  of due process.   Instead, the inmate must show either that he was denied due process during the

24  disciplinary proceedings or that the report was issued in retaliation for the inmate's exercise of

25  his constitutional rights.  Sital v. Burgio, 592 F.Supp.2d 355, 357 (S.D.N.Y. 2009).  Plaintiff

26  has not alleged that the proceedings were retaliatory nor has he alleged that he was denied due

1 process at any stage of the hearing or appeals process.  He will be given an opportunity to amend

2 this portion of his complaint, if he is able to while complying with Federal Rule of Civil

3 Procedure 11.  However, he is advised that because there is no right to a grievance system, his

4 suggestion that those who rejected his appeals violated his rights does not state a claim under the

5 civil rights act.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 846 F.2d

6 589 (9th Cir. 1988) (no right to a grievance procedure).

7              In the Ninth Circuit, a claim of malicious prosecution is not cognizable under 42

8 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy, Usher

9 v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987).  Under California law, public

10 employees who provide information leading to a prosecution are absolutely immune from suit in

11 state court; as a result, the claim may be cognizable in federal court in a § 1983 action.

12 Larramendy v. Newton, 994 F.Supp. 121, 1214-15 (E.D. Cal. 1998).  However, to maintain a

13 claim for malicious prosecution under either state or federal law, plaintiff must show that he was

14 in fact prosecuted.  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004);  Siebel v.

15 Mittlesteadt, 41 Cal.4th 735, 740 (2007).   Because the district attorney elected not to file

16 charges, plaintiff has not pleaded a claim of malicious prosecution under federal or state law.

17              Plaintiff has not pleaded a due process claim based on the impact of the

18 disciplinary proceedings.  Neither his placement in segregation, the restrictions on his access to

19 his personal property, the loss of his job and income, nor the harm to his self-esteem are

20 significant or atypical deprivations in relation to the normal incidents of prison life or otherwise

21 violate his constitutional rights.  Sandin v. Conner, 515 U.S. 472, 483-84 (1995); see also Paul v.

22 Davis, 424 U.S. 693, 712 (1976) (no right to enjoyment of reputation); Toussaint v. McCarthy,

23 801 F.2d 1080, 1094-95 (9th Cir. 1986) (no right to prison job).  Finally, although he alleges that

24 he feared harm from other inmates, he has presented nothing concrete supporting his claim,

25 particularly in light of the state court's reversal of the disciplinary finding.

26 /////

1       In order to state a claim for conspiracy under § 1983, a plaintiff  must plead

2   specific facts suggesting mutual understanding among conspirators to deprive plaintiff of

3   constitutional rights.  Conclusory allegations are not sufficient.  See Duvall v.  Sharp, 905 F.2d

4   1188, 1189 (8th Cir. 1990); Woodrum v.  Woodward County, 866 F.2d 1121, 1126 (9th Cir.

5   1989).  Plaintiff has alleged that defendant Newsom "pushed the charge of battery" and that

6   defendant Jarrett "aided in this charge," which was apparently done at a meeting on May 1,

7   2007.   These conclusory claims are not sufficient to allege a conspiracy to deprive plaintiff of

8   his rights under § 1983.

9       In order to establish a claim under § 1985, plaintiff must show "some racial, or

10  perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators'

11  action."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Bretz v. Kelman, 773 F.2d 1026,

12  1028-30 (9th Cir. 1985) (en banc).  Plaintiff has made no such allegations.

13      Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

14  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

15  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

16  least some degree of particularity overt acts which defendants engaged in that support plaintiff's

17  claim.  Id.

18      Taking into account all of the above, plaintiff's complaint must be dismissed.

19  The court will, however, grant leave to file an amended complaint.  If plaintiff chooses to amend

20  the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a

21  deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

22  1980).  Also, the complaint must allege in specific terms how each named defendant is involved.

23  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

24  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

25  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

26  F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

5

participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.90.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  May 7, 2010.

2/kied0324.14

_____
U.S. MAGISTRATE JUDGE